UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANT LEGAL RECOVERY LAW OFFICES' MOTION FOR JUDGMENT ON THE PLEADINGS** (filed October 10, 2012) [Dkt. No. 54]

**DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION TO DISMISS** (filed October 11, 2012) [Dkt. No. 55]

**DEFENDANT ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS** (filed October 19, 2012) [Dkt. No. 58]

## I.    INTRODUCTION

On February 28, 2012, pro se plaintiff David Bagramian filed a complaint against defendants Legal Recovery Law Offices, Inc. ("LRO"), Nelson & Kennard ("Nelson"), Convergent Outsourcing, Inc. ("Convergent"), Pinnacle Credit Services, LLC ("Pinnacle"), Enhanced Recovery Company, LLC ("Enhanced") and Asset Acceptance, LLC ("Asset").  Plaintiff brings claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e)(11), 1692g(a), 1692e(10), and 1692f; (2) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code § 1788.17; (3) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b; (4) violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civil Code § 1785.11; (5) defamation and libel; and (6) invasion of privacy.

On May 22, 2012, Pinnacle filed a motion to dismiss.  Plaintiff failed to file an opposition to Pinnacle's motion and plaintiff's counsel failed to attend oral argument on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC., ET AL. | | |

June 25, 2012. Accordingly, the Court granted Pinnacle's motion without prejudice and granted plaintiff thirty days to file an amended complaint. Dkt. No. 25. Plaintiff failed to file an amended complaint before the deadline, and therefore the Court dismissed Pinnacle with prejudice. Dkt. No. 52.

On July 9, 2012, the Court held a scheduling conference in the above-captioned matter and issued a minute order. Dkt. No. 29. No appearance was made by plaintiff, nor on plaintiff's behalf. The Court admonished plaintiff to appear at all future hearings. Id.

On August 16, 2012, defendant Convergent Outsourcing, Inc. filed a motion for judgment on the pleadings. Dkt. No. 33. On August 17, 2012, the Court granted plaintiff's request to substitute attorney Arshak Bartoumian as attorney of record. Dkt. No. 39.

On September 24, 2012, the Court held a hearing on defendant Convergent Outsourcing, Inc.'s motion for judgment on the pleadings. No appearance was made by plaintiff, nor on plaintiff's behalf, and neither plaintiff nor his counsel opposed Convergent's motion. Accordingly, the Court granted Convergent's motion without prejudice. The Court also ordered plaintiff's counsel to show cause within twenty days why monetary sanctions should not be awarded to compensate defense counsel for their appearance at the hearing, and why the case should not be dismissed for failure to prosecute. Neither plaintiff, nor his counsel, responded to the Court's show cause order in any form.

Plaintiff timely filed a First Amended Complaint ("FAC") on September 28, 2012, although plaintiff failed to file a proof of service. Dkt. No. 53. On October 10, 2012, LRO filed a motion for judgment on the pleadings. Dkt. No. 54. On October 11, 2012, Convergent moved to dismiss plaintiff's FAC. Dkt. No. 55. On October 19, 2012, defendant Asset moved to dismiss plaintiff's FAC and requested sanctions against plaintiff's counsel. Dkt. No. 58. Plaintiff failed to oppose any of these three motions, which were originally noticed for hearing on November 19, 2012.

On October 29, 2012, the Court held a status conference in this action. Neither plaintiff nor his counsel appeared. Accordingly, the Court ordered plaintiff to show cause on or before November 13, 2012, why this case should not be dismissed for failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC., ET AL. | | |

to prosecute and to appear at scheduled hearings. Dkt. No. 62. Neither plaintiff nor his counsel responded to the Court's show cause order.

    On November 19, 2012, the Court granted plaintiff's request to substitute attorney Vahag Matevosian in place of attorney Arshak Bartoumian. Dkt. No. 68. Plaintiff's newly retained counsel failed to respond to any of defendants' pending motions or the Court's orders to show cause directed at plaintiff's prior counsel.

    The Court concludes as follows: First, the Court construes the substitution of counsel to demonstrate sufficient cause that this case should not be dismissed based on prior counsel's failure to appear. As such, the Court discharges these prior orders to show cause.

    Second, because plaintiff's newly retained counsel has not opposed defendants LRO's, Convergent's, or Asset's motions, the Court GRANTS these motions to dismiss or for judgment on the pleadings. See Local Rule 7-12. The Court DENIES defendant Asset's request for sanctions against plaintiff's prior counsel. Because the Court granted Convergent's motion for judgment on the pleadings once before, Dkt. No. 52, the dismissal of defendant Convergent is WITH PREJUDICE. Dismissal as to defendants Asset and LRO is WITHOUT PREJUDICE. In accordance with the foregoing, plaintiff shall have **twenty (20) days** to file an amended complaint. Failure to do so will result in dismissal of this action with prejudice as to defendants Asset and LRO.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |