UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Vahag Matevosian | Patrik Johansson | |

**Proceedings:**   **DEFENDANT ENHANCED RECOVERY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed December 14, 2012)

## I.   INTRODUCTION

On February 28, 2012, plaintiff David Bagramian, proceeding pro se, filed a complaint against defendants Legal Recovery Law Offices, Inc. ("LRO"), Nelson & Kennard ("Nelson"), Convergent Outsourcing, Inc. ("Convergent"), Pinnacle Credit Services, LLC ("Pinnacle"), Enhanced Recovery Company, LLC ("Enhanced") and Asset Acceptance, LLC ("Asset").[1]  Plaintiff brings claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e)(11), 1692g(a), 1692e(10), and 1692f; (2) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code § 1788.17; (3) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b; (4) violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civil Code § 1785.11; (5) defamation and libel; and (6) invasion of privacy.  Plaintiff alleges that defendants obtained and reviewed his credit file, without his permission and without a permissible purpose for doing so, in violation of various federal and state laws.  Plaintiff is now represented by counsel.

On September 28, 2012, plaintiff filed his First Amended Complaint ("FAC"). Dkt. No. 53.  After a series of motions to dismiss and for judgment on the pleadings, the Court dismissed defendants Convergent and Pinnacle from this action with prejudice. The Court also granted defendants LRO and Asset's motions to dismiss plaintiff's FAC

---

[1] Plaintiff is now represented by counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

without prejudice. Dkt. No. 79. On December 14, 2012, defendant Enhanced filed the instant motion for judgment on the pleadings. Dkt. No. 69. Plaintiff filed an opposition on January 19, 2013. Dkt. No. 74. Defendant filed a reply on February 4, 2013. Dkt. No. 80. The Court held a hearing on February 11, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges the following facts. In November 2011, plaintiff obtained his credit bureau reports from various national credit reporting agencies ("CRAs"), and discovered that his credit information had been reviewed multiple times without his knowledge or authorization. FAC ¶ 42. LRO had obtained his credit report on June 24, 2011; Nelson on November 4, 2011; Convergent on February 27, 2010; Enhanced on February 1 and 19, 2010; and Asset on February 27, 2010 and March 11, 2010. Defendants' credit review resulted in "credit inquiries" on plaintiff's credit report, which remain as of the time plaintiff filed his FAC. Id. ¶ 53. The presence of these inquiries on plaintiff's credit report purportedly gives the appearance that he owes a debt to one or more of these defendants. Id. ¶ 50.

Thereafter, plaintiff discovered that each defendant is a collection agency in the business of collecting consumer debts and therefore assumed that defendants' inquiries were related to their business of debt collection. FAC ¶¶ 43–44. None of the defendants ever contacted plaintiff in any respect or "validated" an underlying debt prior to their inquiries, and plaintiff knew of no debts that he owed to any of these defendants. Id. ¶¶ 44, 47. Furthermore, plaintiff did not request credit reports from defendants for any purpose, and did not authorize the furnishing of his report by applying for credit, loans, services, employment, or insurance with any of the defendants. Id. ¶ 54.

In November 2011, plaintiff sent letters to each CRA addressing the purportedly unauthorized credit reviews by defendants and requesting deletion of the inquiries from plaintiff's report, unless defendants offered a justification for obtaining his report. Id. ¶ 56. Plaintiff also sent letters to each individual defendant, seeking to discover what their permissible purpose was for obtaining his credit report. Defendants failed to respond to any of plaintiff's requests, and defendants also failed to respond to plaintiff's subsequent requests that he made the following month. Id. ¶¶ 57–59. In February 2012,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

plaintiff checked his credit report again, and found that defendant Convergent had obtained his credit report on January 17, 2012, and defendant Nelson on February 8, 2012. Plaintiff claims that he has suffered serious financial harm as a result of the inquiries into his credit report, a decrease in creditworthiness, and severe mental and emotional distress. Id. ¶¶ 79, 81, 85.

### III.   LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). "A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Id. In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).

### IV.   ANALYSIS

#### A.   FDCPA and RFDCPA Claims

Plaintiff brings various claims under the FDCPA and the California RFDCPA. None of plaintiff's claims, however, can survive defendant's motion for judgment on the pleadings. First, plaintiff alleges that defendant violated 15 U.S.C. § 1692e(11), whereby

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

debt collectors are prohibited from failing to disclose, in an initial written or oral communication with the consumer, their status as a debt collector. Second, plaintiff claims that defendant violated 15 U.S.C. § 1692g by failing to provide written notice of plaintiff's right to verification about his alleged debts. Compl. ¶ 65. This section, in part, requires a debt collector "[w]ithin five days after the initial communication with a consumer" to send the consumer a written notice containing certain information. 15 U.S.C. § 1692g(a). Third, plaintiff claims that defendant violated 15 U.S.C. § 1692e(10), which prohibits the use of "false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Compl. ¶ 65.

However, plaintiff admits that defendant Enhanced never communicated with him in any form. See Compl. ¶ 47. Because a defendant cannot violate the plain terms of any of the above-cited code sections without making some sort of communication with a consumer, plaintiff's claim fails as a matter of law. Defendant need not provide any written notices to plaintiff, nor refrain from making "false representations," if defendant in fact never had any communication with plaintiff at all. Plaintiff argues that defendant "communicated" with him through its alleged review of his credit report, but plaintiff offers no authority that supports such an expansive reading of the term "communicated." Opp'n at 5. Defendant must do something more than allegedly make an inquiry into plaintiff's credit report to trigger its disclosure duties. Furthermore, plaintiff fails to allege that defendants employed any cognizable "deceptive means" in connection with the collection of any debt; there are no allegations that defendant committed any deceptive actions, other than pulling and reviewing his credit information. Id. Because plaintiff alleges facts that demonstrate that defendant did not violate the Act, bare recitals of the elements of a claim under the FDCPA are not sufficient to survive defendant's motion for judgment on the pleadings.

In addition, plaintiff's claim that defendant violated 15 U.S.C. § 1692f also fails. This section prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including such conduct as soliciting of a postdated check, threatening action to effect dispossession of property, or using improper language on an envelope when communicating with the consumer. Id. As with plaintiff's other FDCPA claims, his complaint is based entirely on defendant's review of his credit report—and contains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

no allegations of conduct that is "unfair or unconscionable." Accordingly, the Court grants defendant's motion for these claims.[2]

### B. FCRA and CCRAA Claims

Plaintiff claims that defendant lacked a permissible purpose under the FCRA for obtaining his credit report. Compl. ¶ 72. Under the FCRA, 15 U.S.C. § 1681 et seq., civil liability is imposed on any person who obtains a consumer report for a purpose that is not authorized by the FCRA. See id. § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless. . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished by this section."). Section 1681b of the FCRA provides an exclusive list of these permissible purposes for which a consumer report may be furnished to a requesting party.

Defendant argues that it had a permissible purpose for obtaining plaintiff's credit report under section 1681b(a)(3)(A), which permits distribution of a consumer credit report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); Mot. at 7. Because plaintiff alleges that he "assumed that Defendants' credit review inquiries were likely made in relation to [its] business of [debt] collections," Compl. ¶ 45, defendant argues that it acted lawfully by definition—the FCRA permits the use of a credit report in connection with the review of an account of the consumer. Mot. at 8.

The Court finds that defendant is not entitled to judgment on this claim. To qualify as a permissible purpose under § 1681b(a)(3)(A), a "credit transaction must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the consumer." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 674 (9th Cir. 2010).

---

[2] Plaintiff's claims under California's RFDCPA are derivative of his federal claims; accordingly, judgment for defendant is also appropriate on these claims. See Cal. Civil Code § 1788.17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

Moreover, a consumer is only "involved" with a credit transaction "when she is drawn in as a participant in the transaction" or otherwise initiates the transaction. Id. at 675. Where an alleged debt does not result from any transaction which the plaintiff initiated, § 1681b(a)(3)(A) does not authorize a debt collector to obtain that individual's credit report. Id. at 676.

     Taking the facts alleged by plaintiff as true, defendant's review of plaintiff's credit report here clearly satisfies the second prong of the Pintos analysis, as it allegedly involves the "review or collection of an account of the consumer." Id. However, plaintiff's allegations do not demonstrate that the first prong of Pintos is satisfied. Plaintiff alleges that at no point prior to learning of defendant's inquiry into his credit report did plaintiff have any interaction or relationship with defendant in any form, nor any outstanding debts or judgments owed to defendant. See Compl. ¶ 47; id. ¶ 52 ("[d]efendants had no rightful ownership of any debt owed or alleged to be owed by plaintiff or, at a minimum, they had failed to communicate to plaintiff of their ownership of such debt"). Moreover, when plaintiff allegedly wrote to defendant and requested its purpose for obtaining plaintiff's credit report, defendant failed to respond. Compl. ¶¶ 57–60. While defendant could permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff, there are no allegations in plaintiff's complaint that support such a finding here.

     Without any such allegations of a credit transaction that plaintiff (1) was involved in or otherwise initiated and (2) that defendant acted pursuant to in obtaining plaintiff's credit report, defendant's argument that it acted lawfully in obtaining plaintiff's credit report because of its status as a debt collector is incorrect as a matter of law. See Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005) ("A third party cannot troll for reports, nor can it request a report on a whim."). Plaintiff's allegations do not support the existence of a "direct link" between plaintiff's obtaining credit or initiating a credit transaction and defendant's alleged credit report request. Id. Because the Court takes all of plaintiff's allegations as true for purposes of a motion for judgment on the pleadings, judgment for the defendant must be denied on this claim.

     Because the California CCRAA permits the release of a consumer credit report for essentially identical reasons, the Court also denies defendant's motion for judgment on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

the pleadings as to this claim. See Cal. Civ. Code § 1785.11(a); Olson v. Six Rivers Nat. Bank, 111 Cal. App. 4th 1, 12 (2003) ("Because the Credit Reporting Act is substantially based on the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1681–1681t), judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.").[3]

### C. Defamation, Libel, and Invasion of Privacy Claims

Plaintiff fails to state any actionable defamation or invasion of privacy claims. First, "defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) (citation omitted). Libel is the written form of defamation, defined as "a false and unprivileged publication by writing. . . or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy. . . or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Plaintiff fails to allege how a mere inquiry into his credit report could amount to a "false publication," let alone one that has a natural tendency to cause plaintiff's claimed damages; he offers no authority in support of his contention that defendant can be held liable for defamation in the absence of any defendant making statements, written or otherwise. Therefore, defendant's motion is well-taken with respect to plaintiff's defamation claim.

Second, California recognizes two invasion of privacy torts: one for public disclosure of private facts, and another for intrusion into private places, conversations or other matters. See Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 214 (1998). Plaintiff's claim cannot withstand defendant's motion for judgment on the pleadings under either tort. Plaintiff fails to allege facts that demonstrate how the mere inquiry into plaintiff's credit report would be "highly offensive to a reasonable person" under the law,

---

[3] At oral argument, defendant contended for the first time that plaintiff may not bring a claim under CCRA against a third-party debt collector, rather than a credit reporting agency. Defendant's argument is without merit. Under the CCRA, "[a] person (or bank) who obtains a consumer credit report for purposes other than those approved in Civil Code section 1785.11 may be held liable." Olson, 111 Cal. App. 4th at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, INC. ET AL. | | |

id. at 724, or how this inquiry resulted in "publication and circulation" of plaintiff's name and inaccurate information about plaintiff. See Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1275 (9th Cir. 1990) (alleged FCRA violation is not actionable under an invasion of privacy tort). Plaintiff's contention that a credit inquiry "exposed him "to ridicule and portrayed him as a delinquent" is implausible and not supported by the allegations in his FAC. These defects defeat plaintiff's claim. Accordingly, the Court grants defendant's motion with respect to plaintiff's claims for invasion of privacy and defamation.

**V.     CONCLUSION**

In accordance with the foregoing, defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part. Plaintiff shall have **twenty (20) days** to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |