UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION TO STRIKE DEFENDANT LEGAL RECOVERY LAW OFFICES, INC.'S FIFTEEN AFFIRMATIVE DEFENSES** (filed March 22, 2013) [Dkt. No. 95]

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 22, 2013, is vacated, and the matter is hereby taken under submission.

On February 28, 2012, plaintiff David Bagramian, proceeding pro se, filed suit against defendants Legal Recovery Law Offices, Inc. ("LRO"), Nelson & Kennard ("Nelson"), Convergent Outsourcing, Inc. ("Convergent"), Pinnacle Credit Services, LLC ("Pinnacle"), Enhanced Recovery Company, LLC ("Enhanced") and Asset Acceptance, LLC ("Asset"). Plaintiff alleges that defendants obtained and reviewed his credit file, without his permission and without a permissible purpose for doing so, in violation of various federal and state laws. Plaintiff is now represented by counsel.

After the Court granted defendant LRO's motion for judgment on the pleadings without prejudice, plaintiff filed his Second Amended Complaint ("SAC") on February 15, 2013. Dkt. No. 83.[1] Plaintiff asserts claims for: (1) willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b; and (2) violations of the California

---

[1] Defendants LRO and Enhanced are the only defendants remaining in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, ET AL. | | |

Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.11 and 1785.19. Defendant filed its amended answer on March 12, 2013. Dkt. No. 90.

On March 22, 2013, plaintiff filed a motion to strike all of defendant's affirmative defenses on the grounds that these defenses are not pled with sufficient particularity and fail to provide plaintiff with "fair notice" of the defenses being advanced. Dkt. No. 95. Defendant opposed the motion on April 1, 2013, and plaintiff replied on April 8. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); see also RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).

## III. ANALYSIS

Plaintiff acknowledges that motions to strike are disfavored but contends that his motion is proper here, because defendant asserts numerous "boilerplate" and "bare bones" defenses that are insufficiently pled or irrelevant to the instant case. In addition, some of the affirmative defenses are not affirmative defenses at all, because these defenses merely restate defendant's denial of liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1512-CAS (MRWx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | DAVID BAGRAMIAN V. LEGAL RECOVERY LAW OFFICES, ET AL. | | |

In opposition, defendant contends that a motion to strike is unnecessary here, because this case is already streamlined for trial. Although its defenses are not pled in detail, defendant contends that discovery remains ongoing, which may reveal further facts supporting the defenses that defendant has asserted in its answer.

The Court concludes that plaintiff's motion to strike should be denied, as plaintiff's motion does nothing to streamline the litigation of this action or eliminate spurious issues from consideration. Once the parties have had an opportunity to engage in discovery, plaintiff's arguments may be addressed by way of a motion for summary judgment. Accordingly, the Court denies plaintiff's motion to strike.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to strike defendant's affirmative defenses.

IT IS SO ORDERED.

00 : 00

Initials of Preparer   CMJ